Tracey, Irwine & Co. v. Warren.

## TRACEY, IRWINE & CO. *vs.* WARREN.

[ACTION ON PROMISSORY NOTE.]

1. *Note, objection to admission of; when may be properly overruled.*—In an action on a promissory note, where the record shows that the parties went to trial on an issue joined, but it does not appear what the issue was, an objection to the admissibility of evidence, offered by the defendant, that the note sued on was given for the sole consideration of negro hire, in the year 1864, without stating why it was inadmissible, may be properly overruled.

2. *Charge to jury ; when will be presumed to be properly refused.*—When a charge to the jury is objected to which depends upon the evidence adduced, and is proper or not, according to the evidence, the bill of exceptions should set out so much of the evidence as shows the error of the charge. Where a party objects to a general charge in favor of his adversary, he must set out in his bill of exceptions either all the evidence, or show that there was conflicting evidence.

APPEAL from Circuit Court of Barbour.
Tried before Hon. J. McCALEB WILEY.

The point decided appears sufficiently in the opinion.

SHORTER & BRO., for appellant.
THOS. G. JONES, and JOHN A. FOSTER, *contra*.

PECK, C. J.—This court will presume in favor of the correctness of the ruling and judgment of the court below, unless the error or errors assigned are made to appear affirmatively on the record.

In this case, the action is brought on a promissory note. The record shows the parties went to the jury on the issue joined, but there is no plea appearing in the record ; so we cannot know what the issue was. The defendant offered to prove that the sole consideration of the note was for the hire of negroes in the year 1864. The plaintiff objected to the admissibility of this evidence, without stating why it was inadmissible ; the objection was overruled, and they

excepted. Without more, we cannot assume that the court decided wrong; if the defense was a failure of consideration, then it was admissible to prove what the consideration was, that its failure might be shown. The plaintiff's objection, therefore, was properly overruled.

After the evidence was closed, the court, of its own motion, charged the jury that, if they believed the evidence, they must find for the defendant. To this charge the plaintiffs excepted. The bill of exceptions does not claim to set out all the evidence in the case. The rule is, if a charge of the court depends upon the evidence adduced, and is proper or not according to the evidence, the bill of exceptions shall set out so much of the evidence as shows the error of the charge.—*Brewer v. Strong*, 10 Ala. 961; *Greene v. Tims*, 16 Ala. 541.

So, too, when a party excepts to a general charge in favor of his adversary, he must either set out all the evidence, or show there was conflicting evidence.—*Gaines v. Harvin*, 19 Ala. 491; *Barnes v. Barnes & Mobley*, 21 Ala. That is not done in this case; therefore, we can not say whether the charge is right or wrong. The presumption, then, referred to in the beginning of this opinion, comes in, and decides the question against the party taking the exception.

Let the judgment of the court below be affirmed, at the costs of the appellant.